## KAROLKIEWICZ v. CITY OF SCHENECTADY.

District Court, N. D. New York.
Feb. 28, 1939.

La Cholter & Naumoff, of Schenectady, N. Y. (Abraham Kadanoff, of New York City, of counsel), for plaintiff.

Arlen St. Louis, Corp. Counsel, of Schenectady, for defendant.

COOPER, District Judge.

This is a motion by the defendant for a separate trial of the issue of what is in effect a statute of limitations.

The City Charter of Schenectady provides that no action for negligence shall be brought against the City unless a claim and notice of intention to sue is filed with the city within thirty days from the receipt of the injuries and suit is brought within one year.

This action was brought within the year but notice of claim and intention to sue was not filed within the thirty days.

It is conceded by the defendant that if the plaintiff was incapacitated during all of the 30 days, notice need not be given until a reasonable time after the incapacity ceases.

The parties appeared by consent without any formal motion papers.

The plaintiff contends that the motion should be denied because of laches, that a separate trial of this issue would require two trials and entail much unnecessary expense to plaintiff, some of whose witnesses, both as to incapacity and the nature and extent of the injuries, must be brought from New Jersey.

While the action was brought in the latter part of 1937 it was never placed on the calendar for trial for any term of the court prior to the present (February 1939) term.

■ The claim of undue delay cannot be upheld.

The trial of the issue of the incapacity of the plaintiff to file his claim within 30 days will not involve any testimony relating to the alleged negligence of the defendant which caused the plaintiff's injuries.

While the nature and extent of his injuries will be involved as it will be involved a second time on the trial of the action on the merits, the plaintiff can by provision for payment of his expenses, be safeguarded against hardship arising from twice presenting evidence on the nature and extent of the plaintiff's injuries.

If the verdict of the jury is favorable to the plaintiff, the defense that he failed to file his claim will be out of the case and the action may be tried on the claim of negligence. If the verdict is against the plaintiff, no further trial is necessary.

■ Under the authorities the matter of a separate trial of the issue of incapacity, or statute of limitations is within the sound discretion of the Court.

■ Separate trial is granted of this issue upon condition that the defendant pays the expenses of the plaintiff upon such trial, not exceeding the sum of $375, the expenses to be fixed by the Court if the parties cannot agree. An order may be entered in accordance herewith.