RAMONA MUÑOZ SANTANA WIDOW OF ALONSO ET ALS., Petitioners, *v.* DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, HON. J. M. CALDERÓN, JR., JUDGE, Respondent; GENARO ALONSO FONSECA, Intervener.

No. 1905.   Argued November 14, 1951.—Decided November 26, 1951.

*Fiddler, González & Nido* for petitioners. *Rafael V. Pérez Marchand, Santos P. Amadeo,* and *José E. Cabrera Rivera,* for intervener, plaintiff in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

We granted certiorari in this case to review an order entered by the lower court refusing to grant the petitioners

a separate trial in connection with their defense of the statute of limitations.

As appears from the petition and the documents attached thereto, on December 14, 1949, Genaro Alonso Fonseca brought suit against the petitioners for Partition of Inheritance and Rendition of Accounts and Fruits. In the complaint he alleged in brief that he is an acknowledged natural son of José Alonso González, petitioners' predecessor, who died January 12, 1910, under a will executed on January 11 of that same year, leaving the defendants, his widow and legitimate children, as his heirs; that on March 27, 1916, the extinct District Court of San Juan rendered judgment declaring plaintiff a natural child of said José Alonso González, annulling a birth certificate of August 13, 1903, in which he appeared as José Sotero Olivo's acknowledged natural child and annulling as a whole the will of the deceased because of preterition; that defendant Ramona Muñoz Santana widow of Alonso, in anticipation of an unfavorable decision in the aforesaid filiation suit, executed a deed on September 2, 1913, wherein she proceeded to divide the hereditary estate with the other defendants, and remained in possession of the estate as administratrix thereof; that the properties to be partitioned were worth $232,329.15;[1] that the widow and the other defendants refused at all times to rectify the partition in order to include the plaintiff; that the defendant widow of Alonso has managed for the benefit of the remaining defendants their hereditary estate, enjoying in usufruct all the properties which made up the estate, plaintiff failing to receive any fruits or rents while he considers that his hereditary share had accrued fruits and rents in the amount of $79,398.29,[2] which sum has not been delivered to him by the defendants.

---

[1] Upon amending the complaint it was stated that the value of the estate was over $2,000,000.

[2] It is alleged in the amended complaint that the fruits and rents produced by plaintiff's hereditary share during the time that the properties have been in defendants' possession amount to $485,689.74.

It appears likewise from the petition that although the defendants admitted in their answer the execution of the deed of partition, they denied that they did so in anticipation of any suit whatsoever; they denied the remaining essential facts of the complaint, and set up as special defenses that the complaint failed to state facts constituting a cause of action; that the plaintiff was guilty of laches upon failing to claim his rights during 39 years, and in attempting to enrich himself unjustly through petitioners' work and toil; that by deed No. 55 of July 19, 1916, executed before Notary Jorge V. Domínguez, the plaintiff sold, assigned, waived and conveyed in favor of the defendant widow of Alonso all his rights in the inheritance of defendants' predecessor for the sum of $7,000, for which reason plaintiff was estopped from making any claim against them since he had been paid his entire hereditary portion; that plaintiff has not offered to return the $7,000 delivered to him; that if plaintiff had any right, the same would have been acquired by the petitioners by acquisitive prescription, since the defendants had been in possession of the entire estate, as owners and uninterruptedly, for more than thirty years.

It was also alleged in the petition that on February 24, 1950, the petitioners filed a motion for summary judgment considering deed No. 55 above cited and that on May 31 next their motion was dismissed for the lower court deemed that the aforesaid deed contained a covenant on plaintiff's civil status, which rendered it null and void in law; that on October 17, 1950, and after filing their answer to the amended complaint, the defendants moved again for summary judgment alleging that they had acquired by prescription the hereditary estate on the ground of possession as owners and to plaintiff's exclusion, for over thirty years; and that on November 16 the lower court entered an order denying the new motion for summary judgment, because it deemed that there existed among the parties a bona fide issue

as to a material fact which ought to be tried in a plenary suit.

The petition further alleges that on December 11, 1950, the petitioners filed a motion requesting the lower court to order a separate trial of the issue whether or not they had acquired by prescription the share which might belong to the plaintiff in the hereditary estate of their predecessor, all of this based on the provisions of Rule 42(*b*) of the Rules of Civil Procedure and that on January 23, 1951, an order was entered overruling said motion, on the ground "that it would rather aid than impair the ends of justice to simplify the issue, by holding a joint instead of a separate trial." So far the averments of the petition.

■ Rule 42(*b*) provides that: *"The court in further-ance of convenience may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross claims, counterclaims, third-party claims, or issues."* (Italics ours.)

Although consolidation of issues and a joint trial for separate issues are the general rule, there are, however, exceptions. One of these exceptions is precisely where the determination of a certain question of law puts an end to litigation, thus avoiding a protracted trial on all matters in issue.

■■ Whether a court of first instance shall grant or refuse a separate trial, rests in its sound discretion and its action will not be disturbed unless an abuse of such discretion is shown. *Shippers Pre-Cooling Service* v. *Macks*, 181 F. 2d 510; *Collins* v. *Metro Goldwyn Pictures Corp.*, 106 F. 2d 83; *Sec. of European Stage Authors and Composers, Inc.* v. *WCAU Broadcasting Co.*, 35 F. Supp. 460; *U. S. Industrial Chemicals, Inc.* v. *Carbide & Carbon Chemicals Corp.*, 7 Fed. Rules Serv. 57.5, p. 843; *Bedser* v. *Horton Motor Lines, Inc.*, 122 F. 2d 406; *Moore's* Federal Practice, Vol. 5, par. 42.03, p. 1211. We think that this is precisely

one of the cases in which there has been an abuse of discretion on the part of the lower court. As we have seen, the defendants, petitioners herein, allege that they own, by acquisitive prescription, all the properties left by their predecessor at his death, because they were in possession thereof as owners and uninterruptedly for a period of more than thirty years. They contend, furthermore, that the consequence of forcing them to go to a general trial in connection with all the questions raised by the complaint and the answer, will be a protracted trial, besides incurring considerable expenses. If the legal question raised by the defendants is decided in their favor, the suit would undoubtedly come to an end. Under such circumstances we think that the ends of justice would be better served and that it is beneficial to the parties as well as to the lower court itself, that the defense of the statute of limitations be tried first. See *Momand* v. *Paramount Pictures Distributing Co., Inc.* 4 F. Rules Serv.., p. 629; Moore's Federal Practice, Vol. 3, par. 42.02, p. 3051; *Op.cit.* Vol. 5, par. 4203, pp. 1211, 1214; *Seaboard Terminals Corp.* v. *Standard Oil Co.*, 30 F. Supp. 671; *Karolkiewicz* v. *City of Schenectady*, 28 F. Supp. 343; *Burnham Chemical Co.* v. *Borax Cons.*, 170 F. 2d 569.

Before closing we wish to make clear that the conclusion we reach here must not be interpreted as prejudging in any manner whatsoever the question of prescription raised.

The order appealed from will be set aside and the case remanded to the lower court for a separate trial of the question of prescription.