RAMONA MUÑOZ SANTANA VDA. DE ALONSO ET ALS., peticionarios, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SECCIÓN DE SAN JUAN, HON. J. M. CALDERÓN, JR., JUEZ, demandado; GENARO ALONSO FONSECA, interventor.

Núm. 1905.—*Sometido:* Noviembre 14, 1951. *Resuelto:* Noviembre 26, 1951.

*Fiddler, González & Nido,* abogados de los peticionarios; *Rafael V. Pérez Marchand, Santos P. Amadeo* y *José E. Cabrera Rivera,* abogados del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Expedimos un auto de *certiorari* en este caso para revisar una resolución dictada por el tribunal inferior, negándose a conceder a los peticionarios un juicio por separado en relación con su defensa de prescripción.

Conforme se desprende de la petición radicada y de los documentos a ella acompañados, en 14 de diciembre de 1949 Genaro Alonso Fonseca radicó contra los peticionarios una demanda sobre Partición de Herencia y Rendición de Cuentas y Frutos, en la que alegó en síntesis ser hijo natural reconocido de José Alonso González, causante de los peticionarios, quien falleció el 12 de enero de 1910 bajo testamento otorgado el día 11 de enero del mismo año, dejando como herederos a los demandados, su viuda e hijos legítimos; que el 27 de marzo de 1916 la extinta Corte de Distrito de San Juan dictó sentencia declarando al demandante hijo natural de dicho causante, anulando un acta de nacimiento de 13 de agosto de 1903, de la que aparecía él como hijo natural reconocido de José Sotero Olivo y anulando en todas sus partes el testamento del causante por haberle preterido; que la demandada Ramona Muñoz Santana Vda. de Alonso en previsión de una sentencia desfavorable en el citado caso de filiación, otorgó en 2 de septiembre de 1913 una escritura en la cual procedió a llevar a cabo la división del caudal hereditario con los demás demandados quedando ella en posesión del caudal como administradora del mismo; que los bienes objeto de la partición tenían un valor de $232,329.15; (¹) que

(¹) Al enmendarse la demanda se hizo constar que el valor de los bienes relictos excedía de $2,000,000.

la viuda y los demás demandados se negaron siempre a rectificar la partición para incluir al demandante en la misma; que la demandada viuda de Alonso ha administrado para beneficio de los otros demandados el caudal hereditario de éstos, usufructuando todos los bienes que componían el mismo, no habiendo el demandante recibido frutos o rentas de clase alguna y estimando él que su participación hereditaria había devengado frutos y rentas en la suma de $79,398.29,(²) la cual no le ha sido entregada por los demandados.

Igualmente se desprende de la petición que en su contestación los demandados admitieron el otorgamiento de la escritura de partición, aunque negando que lo hicieran en previsión de litigio alguno; negaron los demás hechos esenciales de la demanda, y como defensas especiales alegaron que la demanda no aducía hechos determinantes de una causa de acción; que el demandante incurrió en mora (*laches*) al no alegar sus derechos por espacio de 39 años, tratando de enriquecerse injustamente de la labor y del trabajo de los peticionarios; que por escritura número 55 de 19 de julio de 1916 otorgada ante el notario Jorge V. Domínguez, el demandante vendió, cedió, renunció y traspasó a favor de la demandada viuda de Alonso todos sus derechos en la herencia del causante de los demandados por la cantidad de $7,000, razón por la cual el demandante estaba impedido de hacer reclamación alguna contra ellos por haberle sido satisfecho totalmente su porción hereditaria; que el demandante no ha ofrecido restituir los $7,000 entregádosle; que si algún derecho hubiera tenido el demandante éste había sido adquirido por los peticionarios mediante la usucapión, por haber estado los demandados en posesión de la totalidad de los bienes, en concepto de dueños e ininterrumpidamente, durante más de treinta años.

---

(²) En la demanda enmendada se alega que los frutos y rentas producidos por la participación hereditaria del demandante durante el tiempo en que los bienes han estado en posesión de los demandados ascienden a $485,689.74.

Asimismo se alegó en la petición que el 24 de febrero de 1950 los peticionarios radicaron una moción sobre sentencia sumaria con vista de la escritura número 55 ya citada y que en 31 de mayo siguiente su moción fué declarada sin lugar por entender el tribunal que la referida escritura contenía un pacto sobre el estado civil del demandante, el cual la hacía nula e inexistente en derecho; que en 17 de octubre de 1950 y luego de radicar su contestación a la demanda enmendada, los demandados radicaron otra moción sobre sentencia sumaria alegando haber adquirido por prescripción los bienes del caudal hereditario por haberlos poseído a título de dueños y con exclusión del demandante, durante más de treinta años; y que el 16 de noviembre el tribunal inferior dictó resolución declarando sin lugar la nueva moción sobre sentencia sumaria, por entender que existía una disputa *bona fide* entre las partes sobre un hecho fundamental que debía ventilarse en un juicio plenario.

Continúa alegando la petición que en 11 de diciembre de 1950 los peticionarios radicaron una moción solicitando del tribunal inferior ordenara juicio por separado sobre la controversia (*issue*) de si ellos habían o no adquirido por prescripción la participación que pudiera corresponderle al demandante en los bienes del caudal hereditario de su causante, todo ello a base de las disposiciones de la Regla 42 (*b*) de las de Enjuiciamiento Civil y que en 23 de enero de 1951 se dictó resolución declarando sin lugar dicha moción, por entender el tribunal "que más ayudaría que impediría los fines de la justicia, simplificando la contienda viéndola en una sola vista que por separado". Hasta ahí las alegaciones de la petición.

Dispone la Regla 42 (*b*) que: *"La corte, por razón de conveniencia, podrá ordenar un juicio por separado de* cualquier reclamación, reclamación recíproca, reconvención o reclamación de tercero, o *de cualquier controversia por separado*, o de cualquier número de reclamaciones, reclamaciones recíprocas, reconvenciones, reclamaciones de tercero o controversias." (Bastardillas nuestras.)

Si bien la consolidación de las controversias y la celebración de una sola vista para conocer de una vez de todas las cuestiones en disputa constituyen la regla general, existen, sin embargo, excepciones. Una de esas excepciones precisamente la constituyen aquellos casos en que la resolución de determinada cuestión de derecho pone fin al caso, evitándose así la celebración de un prolongado juicio sobre todas las cuestiones en controversia.

La actuación de un tribunal de primera instancia al conceder o negar un juicio por separado cae enteramente dentro de la sana discreción de éste y no será alterada, a menos que se demuestre que se abusó de tal discreción. *Shippers Pre-Cooling Service* v. *Macks*, 181 F.2d 510; *Collins* v. *Metro-Goldwyn Pictures Corp.*, 106 F.2d 83; *Soc. of European Stage Authors and Composers, Inc.* v. *WCAU Broadcasting Co.*, 35 F. Supp. 460; *U.S. Industrial Chemicals, Inc.* v. *Carbide & Carbon Chemicals Corp.*, 7 Fed. Rules Serv. 57.5, pág. 843; *Bedser* v. *Horton Motor Lines, Inc.*, 122 F.2d 406; Moore's *Federal Practice*, Vol. 5, párr. 42.03, pág. 1211. Creemos que éste es precisamente uno de los casos en que ha habido un abuso de discreción por parte del tribunal inferior. Como se ha visto, los demandados, aquí peticionarios, alegan ser dueños a virtud de prescripción adquisitiva de todos los bienes relictos al fallecimiento de su causante, por haberlos poseído en concepto de dueños e ininterrumpidamente por un período de más de treinta años. Alegan, además, que si se les obliga a entrar a un juicio general en relación con todas las cuestiones planteadas por la demanda y la contestación, ello tendrá por resultado la celebración de un juicio prolongado, amén de tener que incurrir en gastos de consideración. De resolverse favorablemente a ellos la cuestión legal planteada por los demandados, el pleito sin duda tocaría a su fin. Bajo tales circunstancias nos parece que los fines de la justicia quedan mejor servidos y que resulta beneficioso, tanto para las partes como para el tribunal inferior mismo, que se ventile previamente la cuestión de prescripción alegada.

Véanse *Momand* v. *Paramount Pictures Distributing Co., Inc.* 4 F. Rules Serv., pág. 629; Moore's *Federal Practice*, Vol. 3, párr. 42.02, pág. 3051; Op. cit. Vol. 5, párr. 4203, págs. 1211, 1214; *Seaboard Terminals Corp.* v. *Standard Oil Co.,* 30 F. Supp. 671; *Karolkiewicz* v. *City of Schenectady,* 28 F. Supp. 343; *Burnham Chemical Co.* v. *Borax Consolidated,* 170 F.2d 569.

Antes de finalizar deseamos hacer constar claramente que la conclusión a que aquí llegamos no debe ser interpretada como que en manera alguna prejuzga la cuestión de prescripción suscitada.

*Debe anularse la resolución recurrida y devolverse el caso al tribunal inferior para la celebración de un juicio por separado sobre la cuestión de prescripción.*