# 2004 DTA 99

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**REGION JUDICIAL DE SAN JUAN**
**PANEL III**

ANGELO PARDO SANTOS, *ET AL*
Demandantes-Apelantes

v.

SUCN. JORGE STELLA ROYO, *ET AL*
Demandados-Apelados

Núm. KLAN-03-01216

San Juan, Puerto Rico, a 30 de abril de 2004

Panel integrado por su Presidente, el Juez Rafael Ortiz Carrión,
y los Jueces Antonio J. Negroni Cintrón y Jorge Segarra Olivero

Negroni Cintrón, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Angelo Pardo Santos, su esposa, Emma León Ortiz y la Sociedad Legal de Gananciales compuesta por ambos (apelantes o Pardo Santos) apelan la Sentencia Parcial Enmendada final dictada el 29 de agosto de 2003 por la Sala Superior de San Juan del Tribunal de Primera Instancia (TPI) y notificada el 8 de septiembre siguiente. A solicitud de Jorge Luis y Adrián Stella Arroyo (Hermanos Stella Arroyo o apelados) y mediante esta sentencia, por estimar que constituia cosa juzgada, desestimó la reclamación de los apelantes impugnando las capitulaciones matrimoniales otorgada por los causantes Jorge Stella Royo e Isabel Santos Nazario (los causantes) incluida en la demanda que instó contra la Sucesión de Jorge Stella-Royo, compuesta por los hermanos Stella Arroyo y Jorge Luis Stella Santos; Antonio Cordovés-Infante, en su carácter de albacea de la Sucesión, y la Sucesión de Doña Isabel Santos Nazario, compuesta por el propio Pardo Santos y Jorge Ignacio Stella Santos en su carácter individual y como albacea. En la misma sentencia, dispuso mediante orden interlocutoria, además, que el remanente del pleito se consolidara con el KAC92-0789 sobre nulidad de testamento pendiente entre las mismas partes en el Salón 901 del TPI y que se trasladara a ese salón.

Los apelados presentaron su alegato, por lo que estamos en condiciones de dictaminar.

**I**

A pesar de que hace casi 12 años habían instado el caso KAC92-0789, ahora pendiente en el Salón 901 del TPI, los apelantes instaron el pleito en que incluyeron la reclamación para impugnar un testamento abierto y una escritura de Capitulaciones Matrimoniales otorgada el 27 de enero de 1961 por Jorge Stella Royo e Isabel Santos Nazario ante el Notario Cesar A. Montilla por alegadamente infringir la Ley Notarial entonces vigente.

Emplazados, el 6 de diciembre de 2002, los hermanos Stella Arroyo presentaron una moción de desestimación de la demanda alegando que los méritos de la acción de impugnación de las capitulaciones matrimoniales otorgadas por los causantes habían sido adjudicados en el caso KAC1992-0784. Los apelantes se opusieron y presentaron una *Solicitud de Sentencia Sumaria Parcial*, a la que los apelados replicaron. Los apelantes presentaron una dúplica.

Luego de discutir las mociones en una vista oral que pautó para ello y examinar el estado de los procedimientos, el TPI emitió una primera sentencia parcial desestimando la acción de impugnación de las capitulaciones matrimoniales y ordenando, mediante resolución interlocutoria incluida en la sentencia, la consolidación con el KAC-1992-0784 y el traslado del pleito en que se emite la sentencia apelada a la Sala donde está pendiente el caso KAC-1992-0784.

Los apelantes sometieron una moción para que el TPI emitiera determinaciones de hechos, y conclusiones de derecho adicionales, así como para que reconsiderara su decisión. Aunque las denegó, el TPI emitió la sentencia enmendada apelada.

En su escrito, el apelante le imputa al TPI haber errado al desestimar la causa de acción de nulidad de la escritura de capitulaciones matrimoniales aplicando la doctrina de cosa juzgada y al ordenar *motu proprio* la

consolidación de este caso con el KAC1992-0784 y el traslado a la Sala 901, a pesar de estar ante su consideración una moción de sentencia sumaria. Resolvemos.

## II

La desestimación de la impugnación de las capitulaciones matrimoniales es por el fundamento de que ello es cosa que ha sido juzgada ya.

En lo pertinente a las capitulaciones matrimoniales que otorgaron los causantes, en su sentencia parcial final, el TPI concluyó lo siguiente:

*"Este Tribunal, luego de haber escuchado los argumentos de ambas partes, concluye que la acción presentada con relación a las capitulaciones matrimoniales es cosa juzgada, ya que en Pardo Santos v. Sunc. Stella-Royo, [145 D.P.R. 816 (1998)], la parte demandante (la cual es la misma que comparece en el caso de marras) estaba solicitando al Tribunal, en ese entonces, el mismo remedio que solicita en la presente acción; que se declarara, entre otras reclamaciones, la nulidad de las capitulaciones matrimoniales. En el caso antes citado, el Tribunal Supremo revocó la decisión del Tribunal de Circuito de Apelaciones que ordenaba al Tribunal de Primera Instancia, Sala Superior de San Juan, a celebrar una vista en su fondo (debido a que entendía que no procedía la decisión del Tribunal de Primera Instancia de dictar Sentencia Sumaria por aún existir una clara controversia en los hechos) para que determinara si procedía declarar la nulidad de la sentencia de divorcio de Isabel Santos Nazario y Jorge Stella-Royo.*

*Por lo contrario, en Pardo Santos v. Sunc. Stella-Royo, supra, el Tribunal Supremo confirmó la Sentencia Sumaria Parcial que emitió el Tribunal de Primera Instancia, la cual declaraba NO HA LUGAR la reclamación de los demandantes sobre la nulidad de las capitulaciones matrimoniales por entender que la reclamación presentada por Angelo Pardo Santos y los demás demandantes, carecía de fundamentos al pretender que el Tribunal declarara nula la sentencia de divorcio por fraude al Tribunal y que en consecuencia se conformara el matrimonio de Doña Isabel y Don Jorge con las normas de la Sociedad Legal de Gananciales. En la Sentencia Sumaria Parcial, el Tribunal de Primera Instancia también expresó que la parte demandante comenzó a sospechar de un posible fraude de parte de sus causantes para obtener el divorcio cuando se enteraron sobre la existencia de las capitulaciones matrimoniales. El Tribunal de Primera Instancia sostuvo que "treinta años entre el alegado divorcio fraudulento y la muerte de los sujetos de la sentencia impugnada es tiempo más que suficiente para darle imprimátur de validez, a la sentencia, a las capitulaciones y al subsiguiente matrimonio con lo que las partes vivieron y aceptaron". Por lo antes expuesto, el Tribunal de Primera Instancia desestima la reclamación presentada por la parte demandante y declaró válida la sentencia de divorcio dictada en el caso CS597541, sobre Liquidación de Sociedad Legal de Gananciales compuesta por Doña Isabel y Don Jorge.*

*A tenor con lo anterior y por no existir razón alguna para posponer dictar Sentencia hasta la resolución final del pleito; y por entender que la reclamación sobre las capitulaciones matrimoniales es cosa juzgada, este Tribunal declara HA LUGAR la Moción de Desestimación presentada por los co-demandados, Jorge Luis Stella Arroyo y Adrián Stella Arroyo. En su consecuencia, se desestima la acción sobre nulidad de las capitulaciones matrimoniales."*

Los apelantes sostienen que lo anteriormente expuesto es incorrecto en derecho, pues el Tribunal Supremo de Puerto Rico no adjudicó la controversia en torno a la nulidad de las capitulaciones matrimoniales en la Opinión y Sentencia que emitiera en *Pardo Santos v. Sunc. Stella-Royo, supra.* Tienen razón.

En el pleito KAC-1992-0784, los apelantes instaron una demanda contra las mismas partes del que nos ocupa (la Sucesión de Stella Royo, compuesta por Jorge Ignacio Stella Santos, Jorge Luis Stella Arroyo y Adrián Stella Arroyo; Antonio Cordovés Infante en su carácter personal y como albacea de la sucesión; y la

Sucesión de Isabel Santos Nazario, compuesta por el propio Pardo Santos y Jorge Ignacio Stella Santos en su carácter individual y como albacea de la sucesión). Las reclamaciones o causas de acción pertinentes de esa demanda son las siguientes:

*"(1) que se declare nula una sentencia de divorcio dictada en el 1959 entre su señora madre doña Isabel Santos Nazario y don Jorge Stella Royo, madre y padre del demandado y abuelo de los demandados Stella-Santos; Stella Arroyo; así como que se declaren nulas la subsiguiente liquidación de la sociedad legal de gananciales, unas capitulaciones otorgadas luego por Isabel Santos Nazario y Jorge Stella Royo, el subsiguiente matrimonio entre ellos en el 1961, y todos los actos posteriores a esa fecha, de manera que todo se conforme a las normas del régimen de sociedad legal de gananciales del primer matrimonio entre ellos en el 1938; y*

*(2) que se revise la determinación.de la cuota viudal usufructuaria correspondiente a doña Isabel Santos Nazario en la herencia de don Jorge Stella-Royo para que se inventarien correctamente los bienes relictos; y*

*(3) que se declare nulo e inoficioso el testamento abierto otorgado por doña Isabel Santos Nazario el 14 de febrero de 1991 y que rija el testamento abierto otorgado el 1 de mayo de 19[4]7."*

En el pleito KAC-1992-0784, ambas partes presentaron solicitudes de sentencia sumaria, tras lo cual el anterior Tribunal Superior procedió a emitir Sentencia Parcial adjudicando sumaria y **únicamente los méritos de la reclamación sobre la nulidad del divorcio**. Determinó que la sentencia de divorcio entre los causantes dictada en el caso CS-59-7541, sobre Divorcio y Liquidación de Sociedad de Gananciales, no era nula. Concluyó que no existía prueba clara y convincente que apoyara las alegaciones de los demandantes de fraude al tribunal al lograr el divorcio.

Apelada esa sentencia ante el predecesor de este Tribunal, el entonces Tribunal de Circuito de Apelaciones (TCA) revocó la sentencia. Razonó que el foro apelado había incidido al emitir sentencia sumaria en contra de los apelantes, aun cuando existía una clara controversia de hechos y cuestiones de credibilidad que adjudicar. Sentencia del 8 de noviembre de 1995 del TCA, Caso AN950245.

Inconformes, los apelantes acudieron ante el Tribunal Supremo de Puerto Rico. Mediante la Opinión y Sentencia emitida en *Pardo v. Sucn. Stella, supra*, el Tribunal Supremo revocó, a su vez, al TCA; instauró la sentencia apelada del anterior Tribunal Superior y **resolvió específicamente que el divorcio de los causantes era válido**.

Una cuidadosa lectura de esa decisión del Tribunal Supremo demuestra sin lugar a dudas que en momento alguno ese foro adjudicó los méritos de la reclamación sobre la nulidad de las capitulaciones matrimoniales otorgadas por los causantes. De hecho, el dictamen apelado ante ese Foro tampoco atendió esa reclamación.

Así las cosas, los dictámenes del anterior Tribunal Superior o del Tribunal Supremo de Puerto Rico no justifican que el TPI haya resuelto que los méritos de la acción de nulidad de las capitulaciones matrimoniales de los causantes constituye cosa juzgada que impide que se dilucide ahora. En todo caso y asumiendo que en el caso KAC-1992-0784 los apelantes hayan basado la impugnación de las capitulaciones matrimoniales en la nulidad del divorcio, la decisión del Tribunal Supremo solamente justifica que se pueda concluir que esta acción de nulidad no lo es por el fundamento de derecho de que el divorcio fue válido.

Ciertamente, la presunción de la cosa juzgada tiene su base en el Artículo 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3343, el cual en lo pertinente establece lo siguiente:

*"Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de*

*revisión.*

*Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.*

*...".*

La presunción de la cosa juzgada también tiene el efecto de evitar que en un pleito posterior se diluciden cuestiones que fueron o pudieron haber sido litigadas y adjudicadas en un pleito anterior. *Worldwide Food Dist., Inc. v. Colón*, 133 D.P.R. 827, 833-834 (1993).

En lo pertinente, la sentencia del Tribunal Supremo en *Pardo v. Sucn. Stella, supra*, involucra a las mismas partes que el presente pleito, pero no resolvió la acción de nulidad de las capitulaciones matrimoniales. Tampoco concurrieron en ese pleito las mismas cosas. Así no puede utilizarse para concluir que la acción de nulidad de las capitulaciones matrimoniales ha sido juzgada y es decisión vinculante para esas partes. Al así resolver, el TPI erró.

### III
La corrección de la consolidación de este caso con el KAC-1992-0784 y su traslado a la Sala 901.

Como antes indicamos, al disponer erróneamente que procedía la desestimación de la reclamación de nulidad de las capitulaciones matrimoniales y toda vez que la nueva demanda instada por los apelantes incluye también una reclamación para que se anule la escritura de testamento otorgada por los causantes, el TPI ordenó que se consolidaran todas las acciones y trasladó el presente pleito al Salón 901 del TPI.

Los apelantes alegan que el TPI erró al hacerlo *motu proprio* y contrario a lo dispuesto sobre consolidación y traslado de pleitos en la Regla 15 de las de Administración del Tribunal de Primera Instancia, 4 L.P.R.A. Ap. II-B. No estamos de acuerdo.

En cuanto a la consolidación, la Regla 38.1 de las de Procedimiento Civil dispone que *"[c]uando estén pendientes ante el tribunal pleitos que envuelvan cuestiones comunes de hechos o de derecho, éste podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas envueltas en dichos pleitos; podrá ordenar que todos los pleitos sean consolidados; y podrá, a este respecto, dictar aquellas órdenes que tiendan a evitar gastos innecesarios o dilación".* 32 L.P.R.A. Ap. III.

El mecanismo de consolidación de pleitos autorizado por la citada regla, permite que el tribunal una dos o más pleitos ante su consideración para fines de su tramitación o únicamente para fines del juicio. José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, Vol. II, **Publicaciones J.T.S.** (1985), pág. 199.

La consolidación de controversias y la celebración de una sola vista para conocer de una vez de todas las cuestiones en disputa, constituye la regla general. *Muñoz v. Tribunal de Distrito*, 72 D.P.R. 842, 846 (1951). Por ello, la decisión de consolidar varios pleitos se considera una que descansa en la sana y amplia discreción del Tribunal de Primera Instancia, José A. Cuevas Segarra, *Id.*, la que debe ejercerse en todo caso con sujeción a los propósitos de la consolidación: permitir mayor control sobre la litigación, reducir los costos del pleito, permitir la mejor utilización de los testigos periciales, causar menos molestias a las partes y a sus testigos y evitar el derroche de recursos humanos y económicos en nuestro sistema de administración de la justicia. José A. Cuevas Segarra, *op. cit.*, a la pág. 200. Mediante la utilización de dicho mecanismo procesal, se evita, además. el riesgo de que un mismo tribunal emita decisiones inconsistentes o incompatibles en pleitos que

envuelven cuestiones comunes de hechos o de derecho.

En la causa ante nos, resulta evidente que, por razones que a todas luces responden más a las visiones estratégicas de litigación que al interés de que se ventilen las causas de la forma más expedita, económica y justa para todas las partes, los apelantes instaron un segundo pleito que duplica sustancialmente el pleito KAC-1992-0784 instado hace casi 12 años. Este no ha sido resuelto y persigue también y sustancialmente el mismo objetivo: impugnar las capitulaciones matrimoniales y el testamento abierto otorgados por los causantes, con el fin de que, de lograrlo, se abra una sucesión intestada.

Una lectura cuidadosa de la segunda demanda demuestra sin ambages que persigue el mismo propósito que el primer pleito, salvo que en ésta se exponen unos nuevos fundamentos legales para solicitar los mismos remedios. Postulan ahora que el testamento es nulo porque viola los requisitos establecidos por el Artículo 636 del Código Civil, 31 L.P.R.A. sec. 2151, pues no se observaron formalidades dispuestas en la ley que no pueden ser subsanadas. Específicamente, sostienen que la escritura de Testamento Abierto número 15 de 14 de febrero de 1991 carece de las iniciales al margen de cada una de las hojas de la escritura de los testigos y que no se ·expresa el estado civil de los testigos ni su profesión.

En cuanto a la escritura de capitulaciones matrimoniales número 1 de 27 de enero de 1961, también alegan que adolece de defectos que no pueden ser subsanados. Aseveran que solamente se certifica que se efectuó el acto de la firma en un sólo acto; que la dación de fe en la escritura se limita a expresar que otorgantes y testigos *"firman en un sólo acto"* y ello no cumple con el requisito establecido en el Artículo 24 de la Ley Notarial, ya que se debió hacer constar que dicha solemnidad fue observada durante todo el otorgamiento del instrumento. Postulan, también, que en esta escritura se consignó que comparecieron los testigos instrumentales Henry Nelson y Josefa Rousset de Nelson, sin expresarse el estado civil de éstos, ni su profesión, en violación al Artículo 15(D) de la Ley Notarial.

Al igual que la primera demanda, amparándose ahora en estos hechos y conclusiones de derecho, los apelantes una vez más solicitan los mismos remedios: que se decrete la nulidad de las escrituras de Testamento Abierto número 15 de 14 de febrero de 1991 ante el Notario Público Waldemar Del Valle Armstrong y de Capitulaciones Matrimoniales número 1 de 27 de enero de 1961 ante el Notario Público César Montilla, con todos los pronunciamientos que en derecho procedan.

Lo antes descrito demuestra sin dificultad que ambos pleitos giran sobre cuestiones comunes de hechos y de derecho que justifican que los pleitos sean consolidados. Apreciamos que presentan una situación que amerita que se conozca de una vez todas las cuestiones en disputa; que se tenga un mayor control sobre la litigación, la reducción de los costos del pleito, la mejor utilización de los testigos periciales, menos molestias a las partes y a sus testigos y la evitación del derroche de recursos humanos y económicos de nuestro sistema de administración de la justicia. Sobre todo, justifica evitar el riesgo de que un mismo tribunal emita decisiones inconsistentes o incompatibles sobre las cuestiones comunes de hechos o de derecho.

En fin, en las circunstancias antes descritas, no estimamos que el TPI haya abusado de su discreción al disponer la consolidación de ambos casos. El que esté pendiente una moción de sentencia sumaria en el pleito que nos ocupa, no impedía la consolidación. A los efectos de la disposición de una solicitud de sentencia sumaria, todos los documentos que obran en autos pueden ser considerados, y en este caso, la experiencia y el sentido común dicta que el expediente más antiguo debe contener documentación que ayuda más a que surja la verdad pertinente y necesaria para la adjudicación sumaria.

Ciertamente, el inciso (a) de la Regla 15 de las de Administración de Tribunales dispone que la vista de los pleitos consolidados se celebrará en la sala del caso más antiguo, pero eso no quiere decir que la solicitud de consolidación solamente puede ser autorizada por el juez de la sala que tenga el caso más antiguo. Lo que

implica es que, como regla general, el caso debe consolidarse con el más antiguo y ventilarse en la sala que lo tenga.

El error de los apelantes es que descansan en la norma incluida en el inciso (b) de la misma regla aplicable a la consolidación de casos que están distribuidos en **salas de secciones distintas** y que requiere que la consolidación la autorice el juez de la sala donde está pendiente el caso de mayor antigüedad. Esa norma no aplica cuando las salas pertenecen **a la misma sección**, como en este caso.

En resumen, en ambos casos, los apelantes solicitaron los mismos remedios. La única diferencia sustancial entre ambos es que en el segundo y más reciente pleito, utilizaron argumentos y teorías legales adicionales para apoyar sus reclamos. De todos modos, el caso más reciente apenas comienza, y el KAC-1992-0784, el más antiguo, lleva 12 años litigándose y todavía no se ha resuelto.

Consideradas estas realidades, los apelantes no nos han demostrado que exista impedimento suficiente y convincente que impida que no se puedan consolidar ambos pleitos. Por el contrario y según hemos expuesto, existen variadas razones para sí hacerlo. Ello así, concluimos que el TPI no erró en derecho ni abusó de su discreción al consolidar el presente caso con el KAC-1992-0784 y al trasladar el primero a la sala donde está pendiente este último.

Finalmente, reconocemos que las partes deben considerar que al disponer del recurso KLCE-04-000293, otro panel de este Tribunal se negó a evaluar la corrección de la decisión del juez de la Sala 901 de no consolidar los pleitos, al adjudicar, a su vez, la petición de consolidación que los aquí apelantes formularon en el caso KAC-1992-0784. Desde esa perspectiva y aparte de que la posición de los apelantes en ese caso contrasta con la asumida en el presente pleito y recurso, la decisión que hoy tomamos sobre el particular constituirá la Ley del Caso sobre el traslado y la consolidación del presente pleito con el KAC-1992-0784.

### IV

Por los fundamentos antes expuestos, se revoca la sentencia parcial apelada que dispuso la desestimación de la acción de impugnación de las capitulaciones matrimoniales y se confirma la orden interlocutoria del TPI consolidando este pleito con el KAC-1992-0784 y disponiendo el traslado al Salón donde se ventila este último.

Toda vez que los apelantes solicitaron la paralización de los procedimientos pautados en el caso KAC-1992-0784, se ordena que esta sentencia se notifique inmediatamente por fax o teléfono y del modo ordinario.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General